# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 21-3965 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.S. CURRENCY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

This is a civil forfeiture action in which the United States seeks the forfeiture of $36,764 in currency, seized from criminal defendant Edward Reed ("Reed"), which represents proceeds derived from or attributable to Reed's drug trafficking operation. After filing a civil complaint regarding the currency, the Government moved for a judgment of forfeiture. Record Document 7. Natasha Parker ("Parker") objects to the forfeiture of this property. For the following reasons, the Government's motion for a judgment of forfeiture [Record Document 7] shall be granted.

**I.    Procedural Background.**

    A.    The Criminal Case.

Reed was the lead defendant in a multi-defendant criminal drug case presided over by the Undersigned. See 05:18-cr-00262. In addition to leveling a number of drug and gun charges, the Indictment sought forfeiture of all interest Reed and his co-defendants had in "[a]ny property consisting or derived from proceeds the defendants obtained directly or indirectly as the result of [the violations set forth in the indictment]" and "[a]ny property used or intended to be used in any manner or part to commit or facilitate the commission" of the drug violations. See 05:18-cr-00262, Record Document 80, p. 5.

1

When Reed was arrested by law enforcement, $36,764 was seized from him.  See 05:18-cr-00262, Record Document 153.  Prior to Reed entering a guilty plea in the criminal case, Reed and Parker both filed a claim in an administrative forfeiture proceeding, seeking the return of the $36,764.  The determination of forfeiture was then placed before this Court in the criminal case.

On June 29, 2020, the Court entered a preliminary order of forfeiture deeming the $36,764 subject to forfeiture under 21 U.S.C. § 853, as it represented proceeds from the sale of drugs and/or it was to be used to further facilitate the Defendants' drug transactions.  See 05:18-cr-00262, Record Document 154.  Reed did not challenge the appropriateness of forfeiture in the criminal case, nor did he contest the finding that a sufficient nexus, or connection, had been established between the drug crimes and the money.

In contrast, Parker continued to challenge the forfeiture of the property, claiming that she had an interest in the money.  Parker argued she was the "common spouse" of Reed, with whom she shared a teenage son.  Parker contended that the $36,764 constituted funds "we earned from C. Jewel's Trucking Company." See 05:18-cr-00262, Record Document 161, p. 1.  She submitted that she "helped" Reed with the trucking company and knew that in order to pay off a loan to Gibsland Bank, Reed was saving money earned from driving and owning three trucks.  Id.   Parker also asserted that approximately $12,000 of the $36,764 reflected funds from Mutlaq Farid Saleh ("Saleh"), who agreed to purchase an interest in Reed's trucking company.  Id.  Thus, according to Parker, $12,000 came from Saleh, while $24,764 came from "driving trucks."  Id. at pp.

1-2. The thrust of Parker's filings was that the money was derived from a legitimate business endeavor and not from illicit activity; her claim did not center on any legitimate ownership interest *she* had in the money.

On September 15, 2020, the Court held an ancillary hearing in which it addressed Parker's claim. As the Court explained to Parker, the initial focus of the Court's hearing was to determine what legitimate interest Parker had in the money. See 05:18-cr-00262, Record Document 227, p. 5. Parker responded that she and Reed had lived together for a number of years, had a teenage son together, that she had obtained a loan to help him start the trucking business, and that she occasionally assisted with the business. Id. at pp. 5-6. In addition, Parker explained that she needed the money to pay for household and childcare expenses. Id. at p. 6.

Assessing the forfeiture question under Section 853(n) regarding third party claims in criminal forfeiture proceedings, the Court ruled that Parker's sole claimed basis for ownership of the funds was that she was the common-law spouse of Reed. However, Louisiana law does not recognize common law marriages. Clements v. Folse ex rel. Succession of Clements, 2001-1970 (La. App. 1 Cir. 8/14/02), 830 So. 2d 307, 316. Section 853(n) required Parker to set forth the "nature and extent" of her right, title, or interest in the property, as well as details surrounding the time and circumstances of her acquisition of said interest. Yet, her petition failed to satisfy this requirement, as her claim hinged solely on her assertion that she was the common law spouse (which was legally unavailing) and that the funds were derived through a legitimate business (which was immaterial in the absence of an established legal interest). Accordingly, the Court held

3

that because Parker was unable to demonstrate a legal interest in the money, she lacked standing to challenge the criminal forfeiture. See United States v. Mills, 777 F. App'x 763 (5th Cir. 2019) (a claimant who has no interest in the property subject to forfeiture lacks standing to challenge the forfeiture proceeding); United States v. de la Santos, 260 F.3d 446, 448 (5th Cir. 2001) (holding same).

A few months later, prior to sentencing, Reed passed away. The criminal forfeiture proceedings had not been concluded at that time. Ultimately, the indictment against Reed was dismissed. Thereafter, on November 5, 2021, Parker filed a petition in the criminal case seeking the return of the money. See 05:18-cr-00262, Record Document 221. The Court dismissed her petition and informed her that the ownership of the property would be adjudicated in the newly-opened civil forfeiture case, pending as 05:21-cv-3965. See 05:18-cr-00262, Record Document 224. A few days later, on December 3, 2021, Parker again filed in the criminal case a motion seeking the return of the money. See 05:18-cr-00262, Record Document 225. The Court denied the motion and instructed Parker that

> the instant criminal case is not the proper case in which to make the forfeiture determination. The ownership issue will be adjudicated in case number 05:21-cv-3965, where a complaint and warrant are currently pending. To the extent Ms. Parker intends to respond to the complaint, she must do so in the appropriate case.

See 05:18-cr-00262, Record Document 226.

B.   The Civil Case.

As mentioned above, a civil case was opened to pursue the forfeiture. Indeed, on November 15, 2021, the Government filed a complaint seeking the civil forfeiture of the $36,764 in currency that was the subject of forfeiture in the criminal case. This was done

because the forfeiture proceedings could no longer be completed in the criminal case due to Reed's death prior to sentencing.

After the Government commenced the civil asset forfeiture suit, Parker filed no challenges to the forfeiture in the civil case. As such, nearly three months later, the Government filed the instant motion for judgment of forfeiture. Parker then responded by filing an opposition to the Government's motion.

## II.  Law and Analysis.

Civil forfeiture is an in rem proceeding against real or personal property, litigated as "though [the object] were conscious instead of inanimate and insentient." Various Items of Pers. Prop. v. United States, 282 U.S. 577, 581 (1931). Modern forfeiture is a deterrent, "rendering illegal behavior unprofitable." Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 687 (1974). In a civil forfeiture proceeding, the United States is the plaintiff; the defendant is the property; and the claimant is an intervenor seeking to contest the forfeiture of the defendant property. Civil asset forfeiture in this context is governed by 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture; these establish the statutory standing requirements for contesting forfeiture. See United States v. $12,126.00 in U.S. Currency, 337 F. App'x 818, 819 (11th Cir. 2009).

After commencing a forfeiture action against the defendant property, the government must send notice and a copy of the complaint to any person who reasonably appears to be a potential claimant. Supp. Rule G(4)(b)(i). That notice must provide the date when notice is sent; a deadline for filing a claim, which must be at least thirty-five

days after notice is sent; that an answer or motion must be filed no later than twenty-one days after the filing of a claim; and the name of the government attorney who must be served with the claim and the answer. Id. at (4)(b)(ii). If a person, otherwise known as a claimant, wishes to intervene and contest forfeiture, he must file "both a verified claim asserting the[] interest in the seized property and an answer to the government's forfeiture complaint." $12,126.00 in U.S. Currency, 337 F. App'x at 819. The verified claim must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government's attorney . . . ." Supp. Rule G(5)(a)(i).

To be timely, the claimant's claim must be filed by the deadline stated in the government's notice. Id. at (5)(a)(ii)(A). "A district court has discretion to extend the deadlines for claimants to file both claims and answers, but it may also insist on strict compliance with the Supplemental Rules." $12,126.00 in U.S. Currency, 337 F. App'x at 819. "[C]laimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action." Id. at 820.

In the instant case, pursuant to the requirements of Rule G, the Government provided direct notice of the complaint to Parker, and it also published notice on an official government website. The direct notice informed Parker of the steps required to present her claim to the defendant property. As set forth above, Parker was required to file a claim in the civil case within thirty-five days of the Government's direct notice, and in so doing, was required to: identify the specific property claimed; identify her interest in the

6

property; and sign her claim under penalty of perjury. In addition, Parker was then required to file an answer to the complaint.

The Government provided direct notice to Parker on November 15, 2021. However, as discussed above, Parker did not challenge the forfeiture in the civil case. Thus, on February 9, 2022, the Government filed the instant motion for judgment of forfeiture. Parker opposed the Government's motion, and since that time, has filed multiple pleadings with the Court in response to this particular motion. While Parker did not timely challenge the forfeiture in the civil action, it would be misleading to suggest that she sat idly by without attempting to take *any* action to challenge the forfeiture. Indeed, following the November 15, 2021 filing of the complaint in the civil case, on December 3, 2021, Parker filed a motion in the criminal case to have the money returned to her. In denying the motion, the Court informed Parker that she had to contest forfeiture in the civil suit, not the criminal suit. Parker, though, took no timely action in the civil case. To this day, while she challenges the motion for forfeiture, she still has filed neither a claim nor an answer in the civil case.

The Government contends that Parker has failed to timely file a claim in this action, as required by Rule G(5), and thus her instant challenge is doomed. That is, mainly because of her failure to timely pursue her claim in the civil case, the Government submits she lacks statutory standing to pursue any claim to the property; in other words, the window has closed. The Court notes that Parker has been proceeding pro se and it views her pleadings with liberality. The Court has the discretion to extend the filing period for Parker's claim, $12,126.00 in U.S. Currency, 337 F. App'x at 819, and would be inclined to

7

do so given that Parker put both the United States and this Court on notice that she sought the return of the money. Be that as it may, the Court cannot ignore Parker's failure to satisfy any of her substantive filing requirements. Indeed, she still has not: (1) filed a claim; (2) filed an answer; (3) identified her legal interest in the property; or (4) signed her pleadings under penalty of perjury. Even assuming Parker was able to comply with the technical filing requirements, one glaring problem still exists. As pointed out in the ancillary hearing in the criminal case, Parker cannot, and has not even attempted to, establish any cognizable legal interest in the money. Thus, this fact alone dooms her claim.

Aside from Parker's failed challenge, no other claims to the property have been made. Accordingly, the Government's motion for judgment of forfeiture [Record Document 7] is **GRANTED**.

A judgment consistent with the terms of this Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED** this 23rd day of September, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE